FLEMING v. FLEMING.

1. After the expiration of six years from the maturity of a note action thereon is barred by the statute of limitations; if payments have been made thereon by the debtor within six years before action brought, whether before or after the expiration of the statutory limit, the statute is nevertheless a bar to an action on the note, but not to an action on the promise implied from the payment which constitutes a new cause of action.

2. Where a complaint sets forth a note more than six years old as its only cause of action, and alleges credits thereon within six years before action brought, but does not state by whom these payments were made, nor allege any new promise by defendant, evidence as to these credits is incompetent, for it would tend to establish a cause of action (to wit, the new implied promise) not stated in the complaint. And the trial judge erred in charging the jury that "if six years has not elapsed since the last payment made on the note, then the statute of limitations is no bar to the plaintiff's recovery" on the note.

3. Can a judgment based upon a verdict of a jury in a law case be sustained upon grounds other than those erroneously submitted to them? When such grounds were not urged in the court below, and the case was treated by all parties as not involving them, no error of law as to them is presented to this court for correction; and therefore these additional grounds cannot be considered.

Before IZLAR, J., Laurens, February, 1890.

Action by R. H. Fleming, as administrator of J. H. Fleming, deceased, against Melmoth Fleming, commenced January 17, 1889.

*Mr. W. H. Martin*, for appellant.

*Messrs. Johnson & Richey*, contra.

November 27, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff by his complaint alleges: 1st. That on the 1st day of February, 1877, the defendant made his note in writing, under seal, whereby he promised to pay one day after said date, to the order of J. H. Fleming, with interest at ten per cent., three hundred and seventy-four 50-100 dollars. 2nd. "That the said note is past due, and no part thereof has been paid except the following sums, to wit: one dollar January 22, 1883; two hundred dollars May 11, 1883; fifty dollars May 10th, 1884; fifty dollars April 2, 1885; and three dollars November 5th, 1886." 3rd. That said J. H. Fleming died intestate 25th of April, 1882. 4th. That on the 3rd of July, 1882, letters of administration on the estate of said J. H. Fleming were duly granted to the plaintiff, who thereupon duly qualified and entered upon the discharge of his duties as such administrator. 5th. That plaintiff, as such administrator, is the legal owner and holder of said note. Then follows the demand for judgment in the usual form.

To this complaint the defendant answered as follows: 1. "He alleges that he has no knowledge or information sufficient to form a belief as to the allegations of paragraph II. of plaintiff's complaint. 2. He alleges that plaintiff's cause of action accrued more than six years next preceding the commencement of this action. Wherefore defendant asks that the complaint be dismissed with costs." It is stated in the "Case" that the action was commenced on the 17th of January, 1889, which was considerably more than six years after the plaintiff's cause of action, if the note be regarded as such, had accrued.

At the trial the plaintiff, having offered the note in evidence, proposed to prove the several payments endorsed thereon, to which defendant's counsel objected, saying that it was apparent that the action on the note was barred by the statute of limitations, and that he objected to his proving payments as a new cause of action which was not set out in the complaint. The objection

was overruled, and the plaintiff proceeded with his evidence tend-ing to show that the several payments mentioned in the complaint were made by the defendant, and closed his case. Defendant offered no testimony, and the jury were instructed that if a note was given in 1877, "it will go out of date in six years, unless there is some acknowledgment by the maker of the note as to its validity. It goes out of effect in that time. It does not matter whether it had a seal to it or had not. I charge you that any payment upon that note, endorsed upon it, would keep the note alive and continue it in force, and if six years had not elapsed since the last payment made on the note, then the statute of lim-itations is no bar to the plaintiff's recovery, and that he is en-titled to recover upon the note the amount of the note, less these payments upon it, with interest at the rate of ten per cent., as stated in the note."

The jury having rendered a verdict for the plaintiff, and judg-ment having been entered thereon, defendant appeals upon grounds which allege the following errors: "1st. In admitting in evidence the payments endorsed on the note upon which this action is founded. 2nd. In instructing the jury that 'if six years has not elapsed since the last payment made on the note, then the statute of limitations is no bar to the plaintiff's recovery.' 3rd. In instructing the jury 'that plaintiff is entitled to recover the amount of the note less the payments, with interest at the rate of ten per cent.'" The plaintiff's counsel has also given notice that he will insist upon sustaining the judgment appealed from upon the following grounds: "1st. Because no part of plaintiff's complaint was denied. 2nd. Because the statute of limitations was not sufficiently pleaded by the defendant to avail himself thereof."

It must now be regarded as the settled law of this State that where an action is brought to recover a sum of money originally secured by a note, and the same is not commenced within the time prescribed by the statute of limitations, no recovery can be had *on the note* as the cause of action, if the statute be properly pleaded, for the right of action on the note is barred and gone forever; but if it is sought to avoid the bar of the statute in such a case by some subsequent promise, either express or implied, the

action must be upon such subsequent promise as a new cause of action, a consideration for which may be furnished by the original liability, either legal or moral, as the case may be, upon the original note. *Walters* v. *Kraft*, 23 S. C., 578; *Dickson* v. *Gourdin*, 29 *Id.*, 343, and the cases cited in these two cases.

This being so, the practical inquiry in the present case is, whether the action is upon the note set out in the first paragraph of the complaint, or upon some subsequent promise, implied from the payments mentioned in the second paragraph. It seems to us clear that the action is based upon the note alone, and therefore subject to the bar of the statute. There is no allegation in the complaint which, even by the most liberal construction, can be regarded as setting up any subsequent promise as the cause of action. Indeed, the very manner in which the payments relied upon as implying a new promise, are stated, shows conclusively that they were stated—not for the purpose of alleging a subsequent promise to pay the sum of money originally secured by the note—but simply for the purpose of indicating the amount really due on the note; and this view is confirmed by the fact that in the demand for judgment the plaintiff prays for judgment for the amount mentioned in the note, with interest from the date thereof, at the rate of ten per cent. per annum, "less the credits herein set out." But what is absolutely conclusive upon this point, is that there is no allegation in the complaint that the payments were made by the defendant, and it is quite certain that such an allegation would have been absolutely essential if the cause of action intended to be set out was the subsequent promise, implied from the payments; for nothing can be be clearer than that it would be necessary to allege that the defendant had done the act from which the subsequent promise was to be implied.

There being, then, no allegation in the complaint that the defendant had made any subsequent promise to pay the sum of money mentioned in the note, and no allegation that he had done any act from which a subsequent promise could be implied, it follows inevitably that the action must be regarded simply as an action on the note, to which the allegations found in the complaint are quite appropriate, and not an action upon any subsequent promise, either express or implied. From this it follows

that the Circuit Judge erred in overruling defendant's objection to testimony introduced to prove a contract not set out in the complaint, and hence defendant's first ground of appeal must be sustained.

For a like reason the second ground must also be sustained. If, as we have seen, the action was on the note, and if, as is manifest, from the terms of the note and the time when this action was commenced, the action was barred by the statute of limitations, then unquestionably there was error in charging the jury. that "if six years has not elapsed since the last payment made on the note, then the statute of limitations is no bar to the plaintiff's recovery," for it is apparent that much more than six years had elapsed since the accrual of the right of action on the note before this action was commenced, and that therefore the statute was a complete bar.

Under this view the question presented by the third ground of appeal, as to whether plaintiff could recover interest at the rate of ten per cent. on a new promise, cannot arise and need not therefore be considered.

The position taken by counsel for respondents that the action on the note was never barred, because the payments commenced before the expiration of six years from the maturity of the note, and that period had not elapsed between any of the successive payments, the last having been made within six years before the commencement of this action, cannot be sustained; for it is directly opposed to the express terms of the statute, as construed by the former Court of Appeals in *Smith* v. *Caldwell* (15 Rich., 365), which construction has in terms been approved by this court in *Walters* v. *Kraft, supra.* One of the rules laid down by Wardlaw, J., in *Smith* v. *Caldwell*, as settled, was expressed in the following language: "That where the statutory period, counting from the original accrual of the cause of action, expired before commencement of the suit, a promise shown for the purpose of opposing the plea of the statute, is itself the true cause of action ; *and this, whether such promise was made before or after the expiration of the period just mentioned.* If before, the legal liability was its consideration ; if after, the moral obligation."

This, especially the words which we have italicized, affords a conclusive answer to respondent's position.

It only remains to consider the additional grounds upon which respondent has given notice that he will seek to sustain the judgment below. Under the ruling in the case of *Bonham* v. *Bishop* (23 S. C., 105), it is very questionable whether these grounds could be considered at all; but another insuperable difficulty is encountered. This is a court for the correction of errors of law, and our jurisdiction, except in a limited class of cases, of which this is not one, is confined to a review of the rulings of the court below. Now, in this case it does not appear that either of these additional grounds was considered or passed upon, or even presented to the Circuit Court. On the contrary, it is manifest from the proceedings below that it was assumed by all parties that the allegations of the second paragraph of the complaint were properly put in issue, and the plaintiff proceeded to offer testimony, against the objection of defendant, to sustain those allegations; and as the whole controversy below manifestly turned upon the question whether the action was barred by the statute of limitations, and there is nothing to indicate that any objection was taken as to the form in which that defence was pleaded, and hence there is nothing for us to review on this point. It is quite clear, therefore, that, if there was no other objection, the questions which these grounds purport to raise cannot be considered by a court whose jurisdiction is limited to a review of the proceedings below. It must not be inferred, however, that we think that either of these grounds, even if properly presented, could have been sustained.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case be remanded to that court for a new trial.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN also concurred by his separate opinion, as follows: The obligation sued on was a sealed note, but having been given for the payment of money only after the Code, the period of limitation was six years. When the action was brought six years had expired, but in the mean time and before

the bar was complete one or more payments were made, and the question is whether the six years must be counted from the date of the note or of the last payment. Section 131 of the Code provides that "no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby; *but payment of any part of principal or interest is equivalent to a promise in writing,*" &c. It is clear that the last payment on this note was equivalent to a promise in writing to pay the balance still due, and was recoverable for six years from that payment.

So that the only question is one of *pleading*—whether the amount left due at the last payment could be recovered by action on the note itself, stating the payment, or could only be recovered on the *acknowledgment, as an implied new contract.* The question reaches only to the form of action. The old practice certainly allowed the balance due to be recovered in an action on the note itself, when the payment was made, leaving a balance, before the bar was complete. In *Pyles* v. *Bell,* 20 S. C., 369, it was said: "In regard to the statute of limitations the rule is well settled that after the debt is barred, nothing short of an express promise, or what is equivalent to such promise, will suffice to take a case out of the statute; but before the bar of the statute is complete, mere *acknowledgments,* as shown by part payments or otherwise, are sufficient *to keep the original debt alive, by giving at each acknowledgment a new starting point for the running of the statute."* *Rucker* v. *Frazier,* 4 Strob., 94; *Lomax* v. *Robertson,* Dudley, 367; *Bowdre* v. *Hampton,* 6 Rich., 212. It has always seemed to me that this old practice afforded the most simple and convenient form to recover that which can be nothing more nor less than a balance on the original note, renewed by acknowledgment. But as it is really only a question as to the form of action, and it is very desirable that the practice should be clearly settled, I yield my objection and concur.

Judgment reversed.